```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
ROSHAN ARYAL, individually and on behalf                    :
of others similarly situated,                               :
                                                            :
                              Plaintiff,                    :   MEMORANDUM DECISION AND
                                                            :   ORDER
             - against -                                    :
                                                            :   16 Civ. 2621 (BMC)
GREAT NECK PETROLEUM CORP. and                              :
DEEPAK SHARMA,                                              :
                                                            :
                              Defendants.                   :
                                                            :
----------------------------------------------------------- X
```

**COGAN,** District Judge.

Plaintiff alleges that the corporate defendant and its owner failed to pay him overtime wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and corresponding provisions of the New York State Labor Law ("NYLL"), §§ 190 and 650 *et seq.* Before me is plaintiff's motion for default judgment. With some exceptions as to the elements of his damages claim, the motion is granted.

## BACKGROUND

According to his complaint and affidavit in support of his motion for a default judgment, plaintiff worked for defendants' gas station business from May 29, 2013, until July 13, 2015. He worked 72 hours per week during his tenure. When plaintiff first started working for defendants, he was paid $8.50 per hour. On December 3, 2013, plaintiff's pay was increased to $9 per hour. Plaintiff's payroll checks, which provided earnings, deductions, reimbursements, and other information, indicated that he worked 30 hours or less per week for the time period between May 29, 2013, and February 3, 2015. Further, plaintiff's payroll checks for the time period between February 4, 2015, and July 6, 2015, indicated that he worked 50 hours or less per week. For the

remaining hours, plaintiff received cash for the difference between the gross pay amount on the payroll check and the total amount base wages due to plaintiff. Plaintiff was not paid overtime wages despite working in excess of 40 hours per week for the duration of his employment.

## DISCUSSION

It is hornbook law that on a motion for default judgment, the well-pleaded allegations of the complaint pertaining to liability are accepted as true. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). In the instant case, the complaint's allegations are sufficient to establish liability.

It is equally well-settled that on a motion for a default judgment, the default does not constitute an admission as to the damages claimed in the complaint. Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). The burden is on plaintiff to establish, by a reasonable certainty, his entitlement to the relief requested. See Greyhound Exhibitgroup, 973 F.2d at 158. To determine damages, the court may conduct an inquest, see Fed. R. Civ. P. 55(b)(2), or may rely on the affidavits and other documentary evidence provided by plaintiff, obviating the need for a hearing on damages, Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015). There is no need for an inquest here. Plaintiff's affidavit constitutes adequate proof of his damages.

The Court awards the following elements of plaintiff's damages:

| ELEMENT OF DAMAGES | AMOUNT |
|---|---|
| Overtime pay | $14,490.00 |
| Liquidated damages[1] | $14,490.00 |
| Interest on damages at 9% from June 20, 2014 | $2908.32 |
| TOTAL | $31,888.32 |

I agree with plaintiff that the manner in which he was paid, plus defendants' decision to default in this action, constitutes adequate proof of willfulness to warrant the three-year statute of limitations under the FLSA. However, since I am not permitting double liquidated damages, see supra n.1, willfulness is immaterial because the NYLL already permits more than three years recovery of liquidated damages and pre-judgment interest. In addition, I am disallowing plaintiff's request for spread-of-hours pay because it is not available to a plaintiff who at all relevant times earned more than the New York minimum wage, as plaintiff did here. See, e.g., Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 49 (E.D.N.Y. 2015). Finally, I am disallowing plaintiff's request for statutory damages under NYLL §§ 195(1) and 195(3), since, as the Second Circuit has noted, those provisions do not give rise to a private right of action. See Chimarev v. TD Waterhouse Investor Servs., Inc., 99 F. App'x 259 (2d Cir. 2004).

In addition, plaintiff seeks recovery of attorneys' fees, but has not provided any information regarding hours. The Court will award reasonable attorneys' fees if plaintiff timely moves and provides sufficient information. See Fawzy v. Gendy, No. 12 Civ. 5580, 2013 WL

---

[1] Plaintiff seeks double liquidated damages by applying both the FLSA and NYLL. I decline to do so and have previously rejected that theory, see Jimenez v. Computer Express Int'l Ltd., No. 13 Civ. 5657, 2015 WL 1034478 (E.D.N.Y. Mar. 10, 2015). I maintain the view that double liquidated damages are inappropriate. Instead, I will award liquidated damages under the statute that provides for the greater recovery, which here, and almost always, will be the NYLL because of its longer limitations period and the allowance of pre-judgment interest.

5537128 (E.D.N.Y. Oct. 6, 2013). Plaintiff does provide itemization of his costs, which, at $534.45, the Court finds reasonable.

## CONCLUSION

Plaintiff's motion for a default judgment is granted to the extent set forth above. The Clerk is directed to enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of $32,422.77, which includes damages and costs.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
 October 6, 2016

4